1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN COLE,<br><br>　　　　Petitioner,<br><br>v.<br><br>VINCE CULLEN, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No.: CV 05 – 4971 DMG<br><br>**DEATH PENALTY CASE**<br><br>ORDER TO SHOW CAUSE RE CERTAIN SEALED DOCUMENTS |

On September 4, 2009 the Court, Hon. John F. Walter presiding, ordered certain documents lodged under seal pursuant to Respondent's request. (Docket No. 63.)  In accordance with that order, Respondent lodged eight separate documents together as one document.  (Docket No. 64.)

On December 16, 2010, this Court directed the parties to show cause why the previously sealed documents should remain under seal. (Docket No. 86.)  On January 19, 2011, the parties filed a Joint Brief Regarding Under Seal Documents wherein they agreed that five of the eight documents should not have been lodged under seal and that the Court should unseal them.  (Docket No. 90.)  With regard to the three remaining documents, the parties merely stated that they had been sealed by the state court, that the seal had never been removed, and that they should

1  therefore remain under seal. (*Id.*) Those documents are a presentence
2  investigation report prepared in advance of the sentencing hearing in this case and
3  two portions of the trial record. (See Docket No. 64, pp. 5 – 13 and 14 – 24.)
4       In his initial application for the sealing of these documents, Respondent
5  cited to Local Rule 79 – 5.4 which states that certain documents are to be excluded
6  from the public case file. Those documents include presentence investigation
7  reports, and *ex parte* requests for authorization of investigative, expert or other
8  services *pursuant to the Criminal Justice Act*. (L.R. 79 – 5.4) (emphasis added)
9  The Court has examined the presentence investigation report and notes that none of
10 the sensitive personal or identifying information that forms the basis of the Local
11 Rule's limitations is present therein. There is nothing contained within the
12 documents that is not discussed at length in the parties' pleadings or elsewhere in
13 the portions of the trial or clerk's transcripts that were not lodged under seal.
14      Moreover, when examining Local Rule 79 – 5.4 in context, it seems clear
15 that the prohibition on filing presentence investigation reports relates to criminal
16 cases pending before the District Court in its trial capacity and not to cases on
17 collateral review. This is so because such reports are included in a list that also
18 includes, among other things, unexecuted summonses or warrants and their
19 supporting affidavits, pre-trial bail reports, statements of reasons in the judgment
20 of conviction, juvenile records, and documents containing identifying information
21 on potential jurors.
22      With regard to the two sections of trial record that were ordered sealed by
23 the Superior Court, the Court notes that the September 13, 1988 transcript was
24 ordered sealed until it was unsealed by that or *any other court*. (See Docket No. 64
25 at 15:15 – 18.) (emphasis added) The portion of the transcript from September 6,
26 1990 was not ordered sealed on the date on which it was recorded, but the Court
27 presumes that it too was ordered sealed until such time as that court or any other
28 court determined that it should be unsealed. Moreover, though both of these

1  portions of the record deal with trial counsel's requests for funding or for
2  professional assistance, they are not covered by the Local Rule because those
3  requests were not made pursuant to the Criminal Justice Act.  Finally, the portions
4  of the trial record that the parties believe should remain under seal do not contain
5  any sensitive information of any type.
6      For the foregoing reasons, the Court hereby orders that within fourteen
7  calendar days of the date of this order, the parties shall show cause – other than a
8  blanket statement that the records were never unsealed – as to why the presentence
9  investigation report and the portions of trial transcript from September 13, 1988
10 and September 6, 1990 should remain under seal.  If no such showing is made,
11 then on the twenty-first day after the date of this order, the seal placed upon all
12 documents lodged under Judge Walter's September 4, 2009 order shall terminate
13 and all documents shall be unsealed.
14 **IT IS SO ORDERED.**

16 Dated:   January 24, 2011

18     _____
    DOLLY M. GEE
19     UNITED STATES DISTRICT JUDGE